**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SPASOSHION RILEY, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> vs. <br><br> UNIBARNS TRADING INC., D/B/A UNICE.COM, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF THE OKLAHOMA TELEPHONE SOLICITATION ACT (OTSA) OKLA. STAT. TIT. 15 § 775C.1,** *et seq.* <br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

# CLASS ACTION COMPLAINT

1. Plaintiff, Spasoshion Riley, brings this action against Defendant, Unibarns Trading Inc., d/b/a UNice.com (hereinafter referred to as "UNice"), to secure redress for violations of the Oklahoma's Telephone Solicitation Act, Okla. Stat. tit. 15 § 775C.1, et seq. (the "OTSA").

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Oklahoma's Telephone Solicitation Act, Okla. Stat. tit. 15 § 775C.1, et seq. (the "OTSA").

3. Defendant is an online women's wig company. To promote its products and services, Defendant engages in aggressive unsolicited marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the OTSA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million 2 dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant resides within this district, directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District and throughout the United States.

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Comanche County, Oklahoma.

8. Defendant is a California corporation whose principal office is located at 67 Peters Canyon Rd, Irvine CA 92606. Defendant directs, markets, and provides its business activities throughout the United States, including throughout the state of California.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

10. Over the past several months preceding the filing of this action, Defendant began bombarding Plaintiff's cellular telephone number ending in \*\*\*-\*\*\*-1417 (the "1417 Number") with text message solicitations including but not limited to the following messages sent to Plaintiff in or about June of 2023:

3
**CLASS ACTION COMPLAINT**



11. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

12. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff wigs.

13. The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

14. Defendant sent the subject texts within this judicial district, and throughout the United States and, therefore, Defendant's violation of the OTSA

4
**CLASS ACTION COMPLAINT**

occurred within this district. Upon information and belief, Defendant caused this text messages to be sent to individuals residing within this judicial district.

15. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

16. To constitute valid consent under Oklahoma law, the called party must authorize, inter alia, " . . . the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call" to place such call " . . . using an automated system for the selection or dialing of telephone numbers[.]" Okla. Stat. tit. 15 § 775C.2.3.

17. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals residing in Oklahoma and throughout the United States.

18. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

19. Plaintiff is the subscriber and sole user of the 1417 Number and is financially responsible for phone service to the 1417 Number.

20. To send the text messages, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit blasts of text messages automatically and without any human involvement. The Platform automatically made a series of calls to Plaintiff's and the Class members' stored telephone numbers with no human involvement after the series of calls were initiated utilizing the Platform.

21. Moreover, the telephone number utilized by Defendant to send the messages (97918) is known as a short-code. Text messages utilizing a short-code can only be sent utilizing automated computer equipment and not a traditional telephone.

22. The telephone number utilized by Defendant to send the messages (97918) is not capable of receiving telephone calls and does not connect the call recipient, upon calling such number, to Defendant.

23. Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

24. Defendant would be able to conduct its business operations without sending automated text messages to consumers.

25. Defendant would be able to send automated text messages to consumers, and in compliance with the OTSA, by securing the proper consent from consumers prior to sending text messages.

26. Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

27. Accordingly, it is not impossible for Defendant to comply with the OTSA in the context of transmitting text messages.

28. The burden and cost to Defendant of securing consent from consumers that complies with the OTSA is nominal.

29. Compliance with the OTSA will not result in Defendant having to cease its business operations.

30. Compliance with the OTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

31. Compliance with the OTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

32. The Platform has the capacity to select and dial numbers automatically from a list of numbers, which was in fact utilized by Defendant.

33. The Platform has the capacity to schedule the time and date for future transmission of text messages, which was in fact utilized by Defendant.

34. The Platform also has an auto-reply function that results in the automatic transmission of text messages.

35. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

36. More specifically, Plaintiffs never signed any type of authorization permitting or allowing the placement of telephonic sales calls by text message using an automated system for the selection and dialing of telephone numbers.

37. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

38. The text messages originated from telephone number 97918, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

39. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

40. Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what she was doing to either retrieve her phone and/or look down at the phone to review the message.

41. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls.

42. In all, Defendant's violations of the OTSA caused Plaintiff to waste at least fifteen minutes of her time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

43. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

44. Plaintiff brings this case on behalf of the Class defined as follows:

> **OTSA Autodialer Class: All persons in Oklahoma who, (1) were sent one or more text messages regarding Defendant's property, goods, and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) from November 1, 2022 through the date of class certification.**
>
> **OTSA Caller ID Class: All persons in Oklahoma who, (1) were sent one or more text messages regarding Defendant's property, goods, and/or services, (2) through a use of any short-code, (3) from November 1, 2022 through the date of class certification.**

45. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

46. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

47. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

8

**CLASS ACTION COMPLAINT**

**COMMON QUESTIONS OF LAW AND FACT**

48. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;
   b) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;
   c) Whether Defendant's conduct was knowing and willful;
   d) Whether Defendant is liable for damages, and the amount of such damages; and
   e) Whether Defendant should be enjoined from such conduct in the future.

49. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

50. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

51. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

52. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

53. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### VIOLATION OF OKLA. STAT. TIT. 15 § 775C3
**(On Behalf of Plaintiff and the Class)**

54. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

55. It is a violation of the OTSA to "make or knowingly allow a commercial telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Okla. Stat. tit. 15 § 775C.3.A.

56. "Prior express written consent" means an agreement in writing that:

1. Bears the signature of the called party;

2. clearly authorizes the person making or allowing the placement of a commercial telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

    a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

    b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Okla. Stat. tit. 15 § 775C.2.3.

57. Defendant failed to secure prior express written consent within the meaning of the OTSA from Plaintiff and the Class members.

58. In violation of the OTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without their prior express written consent.

59. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

60. As a result of Defendant's conduct, and pursuant to section 775C.6 of the OTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

61. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## COUNT II
## VIOLATION OF OKLA. STAT. TIT. 15 § 775C.3
**(On Behalf of Plaintiff and the OTSA Caller ID Class)**

62. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

63. The OTSA provides in pertinent part: "If a telephone number is made available through a caller identification service as a result of a commercial telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a commercial telephonic sales call was placed." Okla. Stat. tit. 15 § 775C.3.B.

64. In violation of the OTSA, Defendant sent text messages to Plaintiff and the Class members utilizing a short-code telephone number(s) that does not accept incoming calls and does not connect call recipients with Defendant.

65. Accordingly, Defendant's text messages to Plaintiff and the Class members violated section 775C.3.B of the OTSA.

66. As a result of Defendant's conduct, and pursuant to section 775C.6 of the OTSA, Plaintiff and Class members were harmed and are each entitled to a minimum

of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

67. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

   a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

   b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the OTSA;

   c) An order declaring that Defendant's actions, as set out above, violate the OTSA;

   d) An injunction requiring Defendant to cease all telephonic sales calls made without valid consent under the OTSA, and to otherwise protect the interests of the Class;

   e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: August 14, 2023                    Respectfully submitted,

By: */s/ Scott Edelsberg*

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com


*Counsel for Plaintiff and the Proposed Class*